IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    Civ. No. 03-6129-AA
                                             CR-01-60097-AA
          Plaintiff,
                                                        ORDER
     v.

THOMAS GEORGE SCHLOSSMACHER,
aka MICHAEL WEST,

          Defendant.
_____

AIKEN, Judge:

     On April 9, 2003, defendant was sentenced to a term of 57
months imprisonment for convictions of making threats against the
President of the United States, conspiracy to make such threats,
and mailing threatening communications.  Defendant did not appeal
his conviction or sentence; rather, on May 27, 2003, defendant
moved to vacate, correct or modify his sentence pursuant to 28
U.S.C. § 2255.  After numerous filings, on January 12, 2004, the
court denied defendant's § 2255 motion.

1    - ORDER

On February 16, 2005, defendant filed a second § 2255 motion, asserting (for the second time), ineffective assistance of counsel, the government's failure to notify defendant of its intent to seek sentencing enhancements, and diminished mental capacity.  Defendant also relies on the Supreme Court decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), arguing that his sentence was improperly enhanced under the Federal Sentencing Guidelines.  The government argues that defendant's motion is barred from review under the Antiterrorism and Effective Death Penalty Act (AEDPA) as a successive § 2255 motion.  I agree.

Under the AEDPA, a second or successive § 2255 motion is not permitted to be filed in the district court until "the applicant [moves] in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. §§ 2244(b)(3)(A) and 2255.  Therefore, defendant must seek authorization for a second or successive § 2255 motion from the Ninth Circuit Court of Appeals.

Moreover, with the exception of defendant's <u>Blakely</u> argument, the court has already addressed and rejected defendant's asserted grounds for relief, and the Ninth Circuit has held that the Supreme Court has not made <u>Blakely</u> retroactive and, therefore, it is not applicable to cases on collateral review.  <u>Cook v. United States</u>, 386 F.3d 949, 950 (9th Cir. 2004).

///

Accordingly, defendant's second Motion Under 28 U.S.C. § 2255 to Correct, Set Aside, or Vacate Sentence (doc. 118) is DENIED. Defendant's Motion to Seal Evidence (doc. 121) is DENIED as MOOT. IT IS SO ORDERED.

Dated this 25 day of May, 2005.

_____
Ann Aiken
United States District Judge

3    - ORDER